[L. A. No. 1307.   Department Two.—February 1, 1905.]

## W. F. SMITH, Respondent, v. SOUTHERN PACIFIC RAILROAD COMPANY, Appellant.

RAILROADS—USE OF STREET—SPECIAL DAMAGE TO ABUTTING OWNER.— Although an abutting owner cannot recover from a railroad company entitled to use a public street, upon which its rails run upon a level with the street, for any damages which he may sustain in common with the public; yet he may recover for any special damage peculiar to himself by reason of the construction of the track so near the line of his lots as to cause him inconvenience and to hinder access of teams to his lots.

ID.—NECESSITY OF RAILROAD NO DEFENSE.—It is not a sufficient answer to the claim for such special damage that it was necessary for the railroad to build its track gradually across the street and to put part of it close to the plaintiff's line.

APPEAL from a judgment of the Superior Court of Santa Barbara County.  William S. Day, Judge.

The facts are stated in the opinion of the court.

Canfield & Starbuck, for Appellant.

The mere construction and operation of a steam railroad upon a public highway does not infringe the rights of abutting owners (*Crowley* v. *Davis*, 63 Cal. 460; *Hogan* v. *Central Pacific R. R. Co.*, 71 Cal. 83, 86; *Fogg* v. *Nevada etc. Ry. Co.*, 20 Nev. 429), unless the highway is wholly closed and prevents all access to the plaintiff's premises. (*Gardner* v. *Stroever*, 89 Cal. 26, 30; *Eachus* v. *Los Angeles etc. Ry. Co.*, 103 Cal. 614, 618.[1]) The use of the highway by the railroad in common with the public cannot be complained of. (*Montgomery* v. *Santa Ana etc. Ry. Co.*, 104 Cal. 186, 191;[2] *Morris etc. R. R. Co.* v. *Newark*, 10 N. J. Eq. 352, 359; *Barney* v. *Keokuk*, 94 U. S. 324, 341; *Pennsylvania R. R. Co.* v. *Lippincott*, 116 Pa. St. 472;[3] *Pennsylvania R. R. Co.* v. *Marchant*, 119 Pa. St. 541;[4] *Grand Rapids etc. R. R. Co.* v. *Heisel*, 38 Mich. 62.[5])

Richards & Carrier, for Respondent.

The abutting owner's easement in the street as appurtenant to his tenement may be protected, he having been deprived of the reasonable use by access thereto with teams, and special damages to the extent of the judgment given. (*O'Connor* v. *Southern Pacific R. R. Co.*, 122 Cal. 681; *Fulton* v. *Short Route etc. Co.*, 85 Ky. 640;[6] *Elizabethtown etc. R. R. Co.* v. *Combs*, 10 Bush, 382;[7] *Paquet* v. *Mt. Tabor Street Ry. Co.*, 18 Or. 233; *McQuade* v. *Portland Ry. Co.*, 18 Or. 237; 15 Am. & Eng. Ency. of Law, 2d ed., 497; *Flynn* v. *Taylor*, 127 N. Y. 599; *O'Linda* v. *Lothrop*, 21 Pick. 292;[8] Sedgwick on Damages, secs. 95, 941.)

McFARLAND, J.—This is an action to recover damages alleged to have been caused to certain land and premises of

---

[1] 42 Am. St. Rep. 149.

[2] 43 Am. St. Rep. 89.

[3] 2 Am. St. Rep. 618.

[4] 4 Am. St. Rep. 659.

[5] 31 Am. Rep. 306.

[6] 7 Am. St. Rep. 619.

[7] 19 Am. Rep. 67.

[8] 32 Am. Dec. 261, and note.

plaintiff by the construction and maintenance by defendant of a steam railroad along the public road or street upon which plaintiff's land abuts. The jury returned a verdict for plaintiff in the sum of $350, and a judgment was rendered accordingly. Defendant appeals from the judgment, and brings up the evidence and rulings of the court in a bill of exceptions.

The main facts are these: Wallace Avenue is a public highway in Santa Barbara County. It runs through the town of Summerland, and that part of it which lies within the town constitutes the principal street of said town. Plaintiff owns lots in the town abutting on said highway or street and having a frontage thereon of one hundred feet. The street lies on the south side of plaintiff's lots. About June, 1891, defendant constructed, and since then has maintained, along said street a railroad-track upon which it operates a steam railroad, having been granted the right of way therefor by the board of supervisors. A part of this railroad runs along the entire frontage of plaintiff's lots, upon which he has a dwelling-house and other buildings. The lots are on a level with the street, and the construction of the railroad does not change the grade of the street; the rails are flush with the surface of the street. The track in front of plaintiff's lots is constructed entirely on the north half of the street—the side next plaintiff's lots. It runs diagonally along the street at an angle to the front line of plaintiff's lots, and is nearer that line on the southwest corner of his lots than on the southeast corner. At the southwest corner the ends of the ties of the railroad are ten feet from plaintiff's line, and on the northeast corner between twelve and thirteen feet. The street is sixty feet wide. One of defendant's witnesses said: "I don't think it would be possible for a man crossing with a team up to Mr. Smith's place to hitch in front of his two western lots; opposite the eastern lots he might, but it might not be a desirable place to hitch, though." The amount of damage found by the jury was fully sustained by the evidence—provided such damage was not *damnum absque injuria*. There are some other facts in the case which are commented on by counsel, but in our opinion they are not important.

The general principle applicable to a case like the one at

bar is, that when a railroad is constructed and maintained along a highway in front of a man's land the latter may recover damages of the railroad company for such destruction or impairment of his rights and easements in the public highway caused by the railroad as constitute damage peculiar to himself and independent of such damage as he sustains in common with the public, but cannot recover damages for those general inconveniences which he is subject to in common with the public. In the case at bar the contention of appellant for a reversal seems to rest on the proposition that because the rails of the track were flush with the surface of the ground, and the construction of the railroad-track did not cause any change of grade or compel respondent to go either up or down in getting from his land to the street; therefore, as a matter of law, respondent could not have suffered from its construction any damage peculiar to himself and different from that felt or sustained by the public. But we do not think that this proposition is maintainable. We cannot say that, as a matter of law, the construction of the railroad so near the line of respondent's lots as to cause him inconvenience, and obstacles spoken of by the witnesses above mentioned, as well as other obstacles to the enjoyment of said lots that could readily be suggested, does not cause damage peculiar to respondent and different from that suffered generally by the public. It is not a sufficient answer to say that it was necessary for appellant to build its track gradually across the street, and therefore to put part of it close to respondent's line. Whatever appellant's necessities were in the premises, if what it actually did caused special and peculiar damage to respondent, it is liable for such damage.

The judgment is affirmed.

Lorigan, J., and Henshaw, J., concurred.

Hearing in Bank denied.