[S. F. No. 7596.   Department Two.—December 7, 1917.]

THEODORE FAIRCHILD et al., Respondents, v. OAKLAND & BAY SHORE RAILWAY COMPANY (a Corporation), Appellant.

STREET RAILWAY — CONSTRUCTION AND OPERATION — DAMAGE TO ABUTTING PROPERTY—RIGHT OF ACTION.—Where a street railway track is constructed and the railway maintained and operated close to the line of property abutting on the street, the owner of such property, although he does not own the fee of the street, has a right of action to recover damages, if he suffers any special or peculiar damage apart from the general inconvenience which may have been worked to all property owners, by the use of the street for street railroad purposes.

ID.—DAMAGE TO ABUTTING PROPERTY—RIGHT OF ACTION—STATE CONSTITUTION.—The right of action of one owning property abutting on a street to recover damages for peculiar injury to his property by the maintenance and operation of a street railway on the street, if such right did not exist before, came into existence by virtue of the amendment to the constitution, article I, section 14, authorizing a recovery for damage as well as for the taking of property for public use.

ID.—DAMAGE TO ABUTTING PROPERTY—PLEADING AND EVIDENCE—OWNERSHIP OF PROPERTY.—Where in an action for damages to abutting property by the maintenance and operation of a street railway, the ownership of all the property is shown to be vested in the plaintiff, satisfaction of the judgment in the action will relieve the railway from any possibility of future litigation for the damage.

ID.—DAMAGE TO ABUTTING PROPERTY — ORDINARY INCONVENIENCE— FAULTY CONSTRUCTION OR MAINTENANCE — ADMISSIBILITY OF EVIDENCE—TRIAL BY COURT.—The discomfort or inconvenience which

the owner of property abutting on a street sustains in common with all others in the legitimate and proper operation of a railway on a street is not an element of damage, but discomfort or inconvenience due to improper construction and maintenance of the railway might be, and, therefore, where an action by an abutting property owner against a street railway company to recover damages for the maintenance and operation of its railway was tried by the court without a jury, and the plaintiff testified over objection of the defendant that the passing of trains had the effect of jarring the plaintiff's house, the appellate court deemed it unnecessary to analyze whether such evidence went only to a common detriment, or whether it tended to show an improper construction and maintenance, but presumed that the trial court gave to the evidence the weight to which it was entitled and no more.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial. T. W. Harris, Judge.

The facts are stated in the opinion of the court.

Corbet & Selby, and Snook & Church, for Appellant.

Reed, Black, Nusbaumer & Bingaman, for Respondents.

HENSHAW, J.—Plaintiffs, as tenants in common of a corner lot in the city of Oakland, brought this action against defendant to recover damages occasioned to their property by the construction and maintenance of an electric street railroad, the tracks of which were laid close to the curbing along the line of their property. They recovered judgment and defendant appeals from that judgment and from the order of the court denying its motion for a new trial.

The first contention is that the proper operation of such an electric street railroad is not an additional burden or servitude upon the street so that an abutting property owner, not owning the fee of the street, is entitled to damages. Herein appellant relies upon *Montgomery* v. *Santa Ana R. R. Co.*, 104 Cal. 186, [43 Am. St. Rep. 89, 25 L. R. A. 654, 37 Pac. 786]. This case, however, is not in conflict with the later case of *Smith* v. *Southern Pacific R. R. Co.*, 146 Cal. 164, [106 Am. St. Rep. 17, 79 Pac. 868], where such a right of action is recognized as a right belonging to the property owner along a street so used, if he suffers any special or peculiar damage

apart from the general inconvenience which may have been worked to all property owners. This is precisely one of those rights of action for the damaging of property which, if it did not exist before, came into existence by virtue of our constitutional amendment granting a recovery for the damage as well as for the taking of property for public use. (Const., art. I, sec. 14.)

The second proposition advanced by appellant is that the ownership of the lot is not established, or at least is not established as pleaded in the complaint. With this, however, appellant has no real concern. It is sufficiently shown that all the ownership in the lot is vested in the plaintiffs. The satisfaction of the judgment relieves the appellant from any possibility of future litigation over the damage so occasioned and this is sufficient.

The evidence was sufficient to sustain the award of judgment which the court actually gave—six hundred dollars. It would be unprofitable to set forth that evidence in detail.

Mrs. Fairchild was permitted, over objection of appellant, to answer the following question: "When one of these freight trains is passing the house, what is the effect on the house itself? A. It jars it." Unquestionably the discomfort or inconvenience which a property owner sustains in common with all others in the legitimate and proper exercise of a street or steam railway is not an element of damage. (*Eachus* v. *Los Angeles Ry. Co.,* 103 Cal. 617, [42 Am. St. Rep. 149, 37 Pac. 750].) Under certain circumstances, as tending to show an improper construction and maintenance, this question and answer might be permissible. Upon the other hand, if it went only to a common detriment or lessening of enjoyment or comfort, not growing out of faulty or improper construction and maintenance, it would not be an element of damage. We need not stay to analyze what it was or might have been in this case, for the action was heard by the court without a jury, and it will be presumed that the court gave to this evidence the weight to which it was entitled and no more.

The judgment and order appealed from are therefore affirmed.

Melvin, J., and Lorigan, J., concurred.