[Civ. No. 6090. First Appellate District, Division One.—January 24, 1928.]

FRED GENAZZI, Appellant, v. COUNTY OF MARIN et al., Respondents.

G. P. Hall and J. Hall Lewis for Appellant.

Henry E. Greer, District Attorney, for Respondents.

TYLER, P. J.—Action for damages and mandatory injunction. The proceeding was brought by plaintiff against the County of Marin and the Supervisors for the purpose of preventing defendants from continuing to divert a stream from its natural course to plaintiff's damage. The complaint in substance alleged that plaintiff was the owner of about five hundred acres of land in Marin County. That for more than forty years last past and until the year 1927 there had been in said county a natural stream of water commonly known as Olema Creek which flowed along and across the southerly portion of the lands of plaintiff and thence upon and across the main county road leading from Point Reyes to Olema; that at a point where the said Olema Creek crosses the said county road there had, for many years, existed a bridge, and the waters of the creek, in their natural course, flowed across the road under said bridge. That on or about July 1, 1926, the defendants, the Supervisors of the County of Marin, executed a contract with the defendants Cuffe and White for certain improvements on the county road, and in the process of the work it was decided to divert the stream from its old crossing and carry it in a northerly direction, along the easterly side of the county road by means of a wide and deep ditch some five hundred feet in length constructed along said easterly side of said road in front of plaintiff's land, to a point about five hundred yards northerly from the point where the creek flows out upon the county road from

the lands of plaintiff; that the construction of the ditch results in preventing ingress and egress to the plaintiff's property without the use of bridges. Other allegations recite that defendants have entirely filled the creek bed across the county road, thereby forming a dam. It is the contention of the plaintiff that the probable result which will follow this diversion of the water will be the backing up of storm flood waters on to his land, inundate the same and destroy the roadway. As an additional element of damage, it is alleged that the construction of the ditch along plaintiff's property frontage prevents ready egress and ingress to a large portion thereof save by the construction of numerous bridges. An injunction is prayed for restraining the defendants from the continued maintenance of the dam and ditch, and for their removal, so as to permit the waters to flow along their natural course. Damages are also claimed in the sum of one thousand dollars. A demurrer was filed to the amended complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained without leave to amend and judgment was entered in favor of defendants and against the plaintiff. This is an appeal from the order and judgment. It is appellant's contention that the diversion of the waters on to the main road creates a nuisance *per se,* which limits the use of his land and which entitles him to injunctive relief and to nominal damages. That this being so the complaint states a cause of action. We do not think so, as we are of the opinion that the demurrer was rightfuly sustained. ■ Generally speaking, an abutting land owner on a public highway has a special right of easement and user in the public road for access purposes, and this is a property right of easement which cannot be damaged or taken from him without due compensation. But an owner is not entitled, as against the public, to access to his land at all points in the boundary between it and the highway, although entire access cannot be cut off. If he has free and convenient access to his property, and his means of ingress and egress are not substantially interfered with by the public, he has no cause of complaint. (29 Cor. Jur., p. 547.) ■ The proper authorities have power to provide for the drainage of surface water from highways, and to build ditches and culverts, such power being incident to the power to lay out, build and repair

highways. Of course, the construction of the drains must be performed with care and skill so as not to damage the land of an abutting owner. But the question of obstructing a highway, or changing the natural course of the stream so as to cast it upon the land of plaintiff, where it had not previously been accustomed to flow, thereby damaging his land, is not involved in this proceeding. The complaint proceeds upon the theory that the improvement complained of prevents ingress and egress to a portion of plaintiff's frontage and anticipates that damage might result in the event of freshets. ■■■ But an abutting owner has not the right to insist that the authorities so construct and repair roads in such a manner that he may travel unobstructed without any act whatever on his part, directly over the highway to any portion of his adjoining land. He may construct bridges to gain access thereto and it is here alleged that it is possible to do so. As above stated, in the construction of highways the proper authorities have power to provide for the drainage of surface waters and to build ditches and culverts, such power being incident to the power to construct and repair the same, and their discretion in the matter cannot be controlled by the courts except where private rights are violated. Here the complaint contains nothing except the conclusion of the pleader that plaintiff's rights have been invaded. ■■■ It is alleged that the waters from the creek, by reason of the change, are carried along the county road by a *wide and deep ditch* and that during the rainy season by reason of the conversion of the stream, the road under construction will in all probability be destroyed by reason of *very large* quantities of water which will back up on the land of plaintiff. That by reason of the construction it will be impossible for plaintiff to obtain ingress and egress to a *large body* of his land lying along said county road. That defendants will continue to divert the waters unless restrained, to plaintiff's *great* and *irreparable injury*. These allegations are but mere conclusions, and are wholly insufficient to state a cause of action for an injunction in the absence of facts from which such conclusions may be adduced. It may be, under certain facts, that an improvement might be enjoined where it interfered with the right of an easement of access to land until damages were paid which would

follow such use, but a complaint, whether seeking damages after the construction, or an injunction before, must show some actual or threatened injury to a private property right of a plaintiff. The conclusion by the pleader that such a result will in all probability follow is a mere averment of opinion or conclusion too general and indefinite to afford a basis for relief by injunction (*Brown* v. *Rea*, 150 Cal. 171–175 [88 Pac. 713]; *Willis* v. *Lauridson,* 161 Cal. 106 [118 Pac. 530]).

The order and judgment are affirmed.

Knight, J., and Cashin, J., concurred.