[Civ. No. 6382.  First Appellate District, Division One.—September 24, 1929.]

WILLIAM STREHLOW et al., Respondents, v. PRESS-
LEY MOTHORN, Appellant.

R. M. F. Soto for Appellant.

W. F. Cowan and A. W. Hollingsworth for Respondents.

PARKER, J., *pro tem.*—In this action plaintiffs sought injunctive relief against defendant's interference with their right to use a certain ditch and road.

The court below granted the relief prayed for and defendant appeals. The record comes before us by means of a bill of exceptions. The facts may be briefly summarized.

Plaintiffs are the owners of a certain tract of land lying in the county of Sonoma, which said land is used for general farming and the raising of fruit. A description of plaintiffs' lands, by metes and bounds, would serve no useful purpose. It is sufficient to note that the eastern boundary of these lands is the center of a certain stream or waterway known as Dry Creek. The general contour of the land is sloping and throughout are many depressions and likely places for the settling and accumulation of both drainage and flood waters. The defendant owns a tract of land immediately adjoining the lands of plaintiffs on the south. Some twenty or more years ago the lands of both plaintiffs and defendant were in a common ownership and farmed as one tract. At or about the boundary line common to the south line of plaintiffs' land and defendant's land is a road, which said road lies partly on the land of plaintiffs and partly on the land of defendant. On the land of defendant, and south of the road, lies the ditch in question here, which said ditch has its entire length upon

the land of defendant. Up to this point there is no controversy. Proceeding, we detail not the conflicting facts as claimed by the respective parties, but we confine ourselves to those facts supported by competent and sufficient evidence in support of the judgment. As indicated, the ground lies in such a position that the drainage from plaintiffs' holding would, to a great extent, flow off on to and across the land of defendant. Many years ago, concededly sufficient in point of time, and while the lands were still under a common single ownership, conduits were built and pipes laid which carried the collected waters and such of the flood waters as at times came from the creek through and under the roadway and into the ditch located on the land which subsequently came into the ownership of defendant, from which point these waters were carried into the creek and away from the land entirely. The road involved is a public road, used since 1880, and even before. It was a generally used road at a time before the railroad entered Sonoma County and has since been maintained as such by the county, though the travel thereover has much lessened. It is one of that class of country roads, apart and separate from the main highways, which serve the needs of a back country and have not yet attained the dignity of concrete.

In 1918, long after the rights claimed had attached, the defendant and his predecessors conceived the plan and idea of cultivating the land through which the ditch ran. Accordingly, and in pursuance of this plan, defendant commenced filling up the ditch and cutting down the trees and growth on the banks thereof, which growth had become an integral part of the bank and necessary thereto and for the protection of the land adjacent to the ditch. This caused and causes the water coming from plaintiffs' land to back up on the said lands and to destroy and wash out the road and roadbed between the ditch and plaintiffs' lands. To enjoin these acts on the part of defendant this action was instituted.

The findings of the trial court are as follows, in epitome:

That the road in question is laid out, opened, abandoned and dedicated to the public by prescription and user and is thirty feet more or less in width and partly upon the land of plaintiffs and partly upon the land of defendant; that for more than forty years last past the plaintiff and his

predecessors in interest have so used this road as to acquire a prescriptive right in and to the use thereof for the purpose of ingress and egress to and from their land; that said road abuts upon the land of plaintiffs where it traverses the land of defendant and that said road and the right to use the same was and is an easement appurtenant to the lands of plaintiffs and the right to travel and use the road is necessary for the complete enjoyment by plaintiffs of their land and the easement attached thereto and any obstruction thereof or interference therewith will work great and irreparable damage to plaintiffs and their lands. That along and upon the southerly side of said road and commencing at a point two hundred yards from the westerly boundary of the plaintiffs' land there is a ditch and waterway which extends easterly and along the southerly side of said road for a distance of seventy-five yards, and the ditch is an average depth of six feet and of an average width of three feet at the bottom, with an average width of twelve feet at the top. That said ditch was constructed and has ever since on or before the year 1870 been continuously maintained by plaintiffs and their predecessors in interest and the predecessors in interest of defendant until the obstructions by defendant, herein complained of. That during all of the time the said ditch and waterway has been maintained for the purpose of carrying away surface water and drainage water from the lands of plaintiff, and in time of freshets has also served to carry away waters overflowing from Dry Creek on to the lands of plaintiffs and during all of said time the said plaintiffs and their predecessors in interest have openly, notoriously, continuously and uninterruptedly and under a claim of right, so used the said ditch for the purpose above stated against the said defendant and his predecessors in interest and all other persons. That originally the western portion of said ditch was a natural gully formed by the flow of surface waters and was a natural way meandering along the line and course where the said ditch is now constructed and thereafter and more than twenty years before the commencement of this action the said last-mentioned natural ditch was enlarged and straightened and has been maintained continuously since said time at the place described. The findings then go on to detail the claim of defendant to obstruct the said

waterway and road and to find these claims without right. Continuing, it is found that irreparable damage will follow to plaintiffs and their land unless defendant is enjoined.

The decree of the court, from which this appeal is taken, orders in substance as follows: That the road, thirty feet wide, more or less, is appurtenant to the land of plaintiffs and that plaintiffs have the lawful right to travel the same and that said right is an easement appurtenant to the lands of plaintiffs. That the ditch is an easement appurtenant to and with the lands of plaintiff for the purpose of collecting therein seepage, drainage, surface and overflow waters, and discharging the same through said ditch. The decree then enjoins, perpetually and forever, the defendant from in any manner digging up the soil in the road or removing the same or permitting or causing water to flow thereon from the said ditch and is also likewise enjoined from in any manner interfering with the flow of seepage, drainage, surface or overflow waters in said ditch and from diverting the said waters on to the said road or on to the lands of the plaintiffs and from removing or cutting down trees or vines growing on the embankments and is enjoined from doing any act that will in any manner obstruct or interfere with plaintiffs in the use of said road as a way for travel or in the use of said ditch as a conduit for carrying said water. The decree, however, provides that the defendant may extend the said ditch across his own land as long as the extension will in no way interfere with the rights adjudged in plaintiffs.

The foregoing will sufficiently present the case as it appears for review.

The bill of exceptions contains some forty-seven specifications of the insufficiency of the evidence. None of these are especially urged in the briefs of appellant. Nevertheless, after a careful study of the entire record, we find that these specifications have no convincing force. Though in some instances there appear conflicts in the testimony, there was sufficient competent evidence to support the findings made and the decree following. In addition to the transcript of evidence taken, it appears that at the end of the trial the defendant invited and urged the trial judge to visit the premises and the territory referred to in the testimony and view for himself the exact situation. The

learned judge adopted this suggestion, and while the opinion of the trial judge is no part of the record, yet it may be considered here to that extent as he did incorporate into his findings, necessarily, the evidence thus presented to him through an actual examination of the physical conditions existing.

Appellant attacks the judgment upon two main grounds. First, as to the adjudication of plaintiffs' right to the use of the ditch, and, second, as to their right to maintain the action with regard to the road. ██ Appellant contends that the alleged easement as to the use of the ditch on defendant's land was not only nonapparent and noncontinuous, but practically concealed or hidden underground, and the ditch was located wholly on the defendant's land. We find no merit in this contention, as a matter of fact. It is true that the water was conducted from plaintiffs' land through an underground pipe, but its entry into the ditch was most apparent. Likewise, there was a large cement bulkhead erected to prevent erosion of the land where the water comes out of the pipe, and the entire geography of the site made the user most plain. No one contended at the trial that the use was a hidden use or that there was not ample evidence thereof. The entire argument of the defendant is that, under the conditions, the actual flowing of the water through the underground pipes could not be determined without digging to the pipes. In the face of the court's finding, supported by the evidence, that the user was actually open and notorious, we deem this point worthy of no further note.

██ It is next claimed by appellant that plaintiffs were without right to discharge into the ditch on the defendant's land, waters gathered or accumulated by them upon their own land. As a strict matter of right, in the abstract, and in the absence of grant or prescription, it might be conceded that an upper owner has not the absolute right to divert flood or accumulated waters upon the land of a lower owner. But the question here presented is not one of asserted absolute right, merely by reason of the ownership of the upper land. The record supports the conclusion that the owner of both parcels did burden this lower land with the easement created for the enjoyment and cultivation of the upper portion; that the defendant and his predecessors

in interest took the lower land thus burdened and that for more than forty years the plaintiffs and their predecessors in interest exercised and claimed the right openly and continuously and in all respects as required by law to acquire the right equally as though conferred upon them by express grant. No authority is cited to the effect that a right to discharge flood or accumulated waters upon the land of a lower owner cannot be acquired by prescription. Further than this, the discharge of the accumulated water is merely occasional and only at such times as the same becomes commingled with the usual drain or seepage waters naturally flowing off the land of plaintiffs. ■ In any event, the question of flood or storm waters is not primarily involved in the action. The decree of the court enjoins defendant from interfering with the ditch carrying the seepage or drainage waters. The court found that defendant and his predecessors filled up and threatens to fill up the natural channel where waters were wont to flow and even if such filling were permissible to prevent the encroachment of flood waters, yet the defendant must refrain from interference with the ditch or channel, and it is clear that if the ditch were filled, neither surface nor flood waters could flow through it, and it is quite immaterial that if the ditch be open and kept open that on occasions it might carry flood water. The gist of appellant's attack on the judgment concerns the question of the road. In fact, he makes the question of the road appear the main issue in the case, rather than as merely incidental to the right the plaintiffs seek to have protected. ■ It seems apparent that the character of the roadway, whether private or public, is of little importance here. Plaintiffs pleaded both a public road and an easement appurtenant to their lands. The court found in their favor on both grounds. ■ An abutting owner has two kinds of rights in a highway, a public right which he enjoys in common with all other citizens and certain private rights which arise from his ownership of property contiguous to the highway and which are not common to the public generally; and this regardless of whether the fee of the highway is in him or not. ■ An abutting land owner on a public highway has a special right of easement and user in the public road for access purposes and this is a property right which cannot be damaged or taken

away from him without due compensation. (29 C. J. 547; *Fairchild* v. *Oakland & Bay Shore Ry. Co.*, 176 Cal. 629 [169 Pac. 388]; *Cushing etc. Co.* v. *Gray*, 152 Cal. 123 [125 Am. St. Rep. 47, 92 Pac. 70]; *Smith* v. *Southern Pac. R. R. Co.*, 146 Cal. 164 [106 Am. St. Rep. 17, 79 Pac. 868].) This right of an adjoining land owner has been expressly recognized and announced by the Supreme Court as recently as the past month in the case of *Lane* v. *San Diego Electric Ry. Co.*, 208 Cal. 29 [280 Pac. 109], in which case are cited the authorities hereinbefore noted and many others to the same effect. All of the contentions of the appellant in respect to the road are based upon a negative of this proposition. It is therefore needless to pursue the inquiry. However, it may be noted that the question, as to this defendant, is more or less academic. The main purpose of the action was to prevent interference with the ditch or the run-off of the water from plaintiffs' lands. The plaintiffs, in addition to other allegations found to be true and of themselves sufficient to support the judgment, alleged further that the acts of the defendant interfered with their easement in and to the public road. The proof showed this easement to the road irrespective of whether the right existed as an abutting owner on a public highway or whether it was a right existing in plaintiffs without regard to the public.

The decree of the court enjoined the defendant from diverting the water upon the road or in anywise interfering with plaintiffs in the use of the said road as a means of travel. There was no restraint placed upon defendant, as far as the general public might be concerned, and in view of the court's determination of plaintiffs' right as an easement appurtenant to their land, sufficiently supported as hereinbefore detailed, the point has already received more consideration than the record warrants.

The judgment is affirmed.

Cashin, J., and Knight, Acting P. J., concurred.