[L. A. No. 12977. In Bank.—September 29, 1931.]

ELIZABETH McCANDLESS, Appellant, v. CITY OF LOS ANGELES (a Municipal Corporation), Respondent.

Gilbert A. McElroy, Lorrin Andrews and Porter T. Kerck-hoff for Appellant.

Jess E. Stephens and Erwin P. Werner, City Attorneys, Frederick von Schrader, Assistant City Attorney, and Jerrell Babb, Deputy City Attorney, for Respondent.

Forgy, Reinhaus & Forgy, *Amicus Curiae* for Appellant.

SHENK, J.—This is an appeal from a judgment in favor of the defendant in an action for damages to real property.

The plaintiff is the owner of a lot 53.10 feet in width by 145 feet in depth fronting on Sunset Boulevard and opposite Cassil Place, a public street, terminating at Sunset Boulevard at right angles from the north. Sunset Boulevard is an improved public street 100 feet in width having a paved thoroughfare of 60 feet and a strip on each side thereof 20 feet in width from the property line to the curb used for sidewalk and parking. The plaintiff's property is zoned for general business purposes. Pursuant to proceedings regularly had and taken, the defendant city from August 15, 1927, to January, 1928, constructed a pedestrian subway from a point in the 20-foot strip adjacent to and in front of the plaintiff's property to the opposite side of Sunset Boulevard. The southerly approach to the subway is an open cut and stairway approximately twenty feet in length and paralleling the plaintiff's front property line and about seven feet distant therefrom. To protect the open cut and stairway iron railings were constructed around the same and above the surface of the sidewalk. The stairway and railings are opposite the center portion of the plaintiff's property.

In addition to the foregoing, it was alleged in the amended complaint that the construction of said pedestrian subway, approach and railings immediately in front of the plaintiff's property constitute a serious obstruction to the free use by the plaintiff of said street and sidewalk for the purpose of affording passage to and from said premises; that said subway, approach and railings greatly diminish the market and rental value of said property and greatly interfere with the free use by the plaintiff of the street in front of her property for the purposes of ingress and egress; that no proceedings have been taken by the city to ascertain the extent of said damages or to render unto the plaintiff just or any compensation therefor; that a demand for such compensation duly made to the city council was rejected.

A general and special demurrer to the amended complaint was interposed by the city and was overruled in one department of the superior court. The city answered and the cause came on for trial before a jury in another department of said court. The city objected to the taking of any evidence on behalf of the plaintiff on the ground that the amended complaint failed to state a cause of action. This objection was overruled and the plaintiff introduced considerable evidence in support of her complaint; whereupon the defendant renewed its objection and presented a motion on the same ground to dismiss the action. After argument the objection was sustained, the motion was granted and the action was dismissed on the ground that the amended complaint failed to state a cause of action. A judgment for the defendant was accordingly entered. The only question presented is whether the amended complaint states a cause of action.

Section 8 of article I of the Constitution of 1849 provided that private property should not be taken for public use without just compensation. Section 14 of article I of the Constitution of 1879 enlarged this protection to the property owner by providing that private property shall not be taken or damaged for public use without just compensation. This enlargement of the constitutional provision first came before this court for consideration in Reardon v. San Francisco, 66 Cal. 492 [56 Am. Rep. 109, 6 Pac. 317, 326], wherein the term "damaged" was held to assure a right to compensation in addition to that theretofore obtaining, that is, "a guaranty against damage where none previously existed". This

extension of the constitutional guaranty was recognized and applied in *Eachus* v. *City of Los Angeles,* 130 Cal. 492 [80 Am. St. Rep. 147, 62 Pac. 829], *Wilcox* v. *Engebretsen,* 160 Cal. 288 [116 Pac. 750], and *Sala* v. *City of Pasadena,* 162 Cal. 714 [124 Pac. 539]. The foregoing cases involved the right of the owner of property abutting on a public street to protection against damage caused by the change of the grade of the street. When streets are closed it has been held that the abutting owner has a lawful claim for such damages as he may suffer thereby. (*Bigelow* v. *Ballerino,* 111 Cal. 559 [44 Pac. 307]; *Brown* v. *Board of Supervisors,* 124 Cal. 274 [57 Pac. 82].) Cases, among others, where damage was caused by an obstruction immediately in front of the abutting owner's property are: *Williams* v. *Los Angeles R. Co.,* 150 Cal. 592 [89 Pac. 330]; *Strong* v. *Sullivan,* 180 Cal. 331 [4 A. L. R. 343, 181 Pac. 59]. Cases illustrating the rule that an abutting property owner may suffer special damages peculiar to himself and independent of such damage as he sustains in common with other property owners and the public by reason of the construction of railroad tracks in the street adjacent to his property are these: *O'Connor* v. *Southern Pac. R. R. Co.,* 122 Cal. 681 [55 Pac. 688]; *Smith* v. *Southern Pac. R. R. Co.,* 146 Cal. 164 [106 Am. St. Rep. 17, 79 Pac. 868]; *Fairchild* v. *Oakland & Bay Shore Ry. Co.,* 176 Cal. 629 [169 Pac. 388]; *Lane* v. *San Diego Elec. Ry. Co.,* 208 Cal. 29 [280 Pac. 109]. In *Geurkink* v. *City of Petaluma,* 112 Cal. 306 [44 Pac. 570], it was held that the owner of property abutting upon a city street was entitled to relief against the city on account of damages caused by the action of the city in so changing a natural watercourse as to interfere with his free access to and use of the street.

A similar situation was involved in *Genazzi* v. *County of Marin,* 88 Cal. App. 545 [263 Pac. 825], wherein it was held that a general demurrer was properly sustained to the amended complaint in that action. The decision recognized the protection afforded by the law to an abutting property owner in the event his free and convenient means of ingress and egress were substantially interfered with, and that in proper cases injunction relief should be granted until damages were paid where the public improvement substantially interfered with the right of access to land. Any language in that decision which would seem to run

counter to the holding in *Geurkink* v. *City of Petaluma, supra,* and in the present case must be disregarded.

In *Brown* v. *Board of Supervisors,* 124 Cal. 274, at page 280 [57 Pac. 82, 83], the court said: "The property which an abutting owner has in the street in front of his land is the right of access and of light and air, and for an infringement of these rights he is entitled to compensation. This right is peculiar and individual to the abutting owner, differing from the right of passing to and fro upon the street, which he enjoys in common with the public, and any infringement thereof gives him a right of action. (Dillon on Municipal Corporations, sec. 712.) In *Eachus* v. *Los Angeles Ry. Co.,* 103 Cal. 614 [42 Am. St. Rep. 149, 37 Pac. 750], the right which the abutting owner has to the use of the street fronting upon his lot is defined to be an easement therein for the purposes of ingress and egress, which attaches to the lot, and in which he has a right of property as fully as that which he has in the lot itself, and that any act of the municipality by which that easement is destroyed or substantially impaired for the benefit of the public is a damage to the lot itself within the meaning of the constitutional provisions, for which he is entitled to compensation."

In the case at bar it cannot be questioned that the plaintiff, as an abutting property owner on Sunset Boulevard, possesses not only the right to the use of the street in common with all other members of the public but also a private right or easement for the purposes of ingress and egress to and from her lot which right may not be taken away or destroyed or substantially impaired or interfered with for public purposes without just compensation therefor. Whether the infringement of her right is special and peculiar to the plaintiff's property and has resulted in a substantial impairment of her right, is a question of fact, and we think the complaint is sufficient in alleging not only the special and peculiar nature of the infringement as applied to said property, but also the substantial impairment of that right. At least it may not be said as a matter of law that the plaintiff under her allegations has suffered no damage. The free right of ingress and egress in the case of said business lot or a lot zoned for that purpose, would seem to be a substantial

right. As alleged, the plaintiff is cut off from that right to the extent of about one-third of her frontage because of the improvement complained of. We do not mean to express an opinion as to the extent of the damage suffered by her but merely to declare that the infringement of her rights is substantial under the allegations of her complaint. We arrive at this conclusion without intimating, as counsel for the defendant apprehend, that the construction of a lamp-post or electrolier in front of private property would constitute a special and peculiar and substantial impairment of a private right.

It may be assumed and may not be denied that the use to which the city has put this portion of the street for a pedestrian subway for public use is a proper street use, but such assumption, deemed incontrovertible for the purposes of this case, does not answer the requirements of the Constitution. The plaintiff may nevertheless be damaged by reason of such a proper public use to which the street or a portion thereof may be put; just as the raising or the lowering of the grade in front of private property may be a legitimate public improvement, but when the same causes special and peculiar damages to the abutting property owner the Constitution must be obeyed.

The defendant places great reliance upon the case of *Hayes v. Handley*, 182 Cal. 273 [187 Pac. 952], wherein it was held that a traffic tunnel constructed beneath a street was a proper street use and, as such, a use contemplated for public street purposes when the property was acquired for street purposes. But that decision does not go to the length of holding that in the construction of the tunnel the city could create or impose upon an abutting property owner a special damage or injury to his property not shared by the public or other property owners similarly situated, such as is shown in the case at bar, without providing compensation therefor.

The case of *Colegrove W. Co.* v. *City of Hollywood*, 151 Cal. 425 [13 L. R. A. (N. S.) 904, 90 Pac. 1053], also relied upon by the defendant, is not authority for its contention. In that case it was held that the owner of the fee, subject to the easement for street purposes, might use the property over which the right of way exists for any purpose not inconsistent with the full and free enjoyment of the easement for street purposes, but that this right of

the owner might diminish from time to time as the needs of the public in the use of the easement for street purposes would increase.

Likewise the case of *Montgomery* v. *Santa Ana W. R. Co.*, 104 Cal. 186 [43 Am. St. Rep. 89, 45 L. R. A. 654, 37 Pac. 786], is not in point for the reason that the question of special damages to an abutting property owner resulting from a legitimate and proper street use was not involved. The same is true of the case of *Sears* v. *Crocker*, 184 Mass. 586 [100 Am. St. Rep. 577, 69 N. E. 327], where the question of damages to abutting property owners for the construction of a street improvement for a proper street use was not before the court. The case of *Northern Transp. Co.* v. *Chicago*, 99 U. S. 635 [25 L. Ed. 336], involved the right of an abutting property owner to damages resulting from a temporary obstruction to free use of the street during the construction of a tunnel beneath the street. The case arose in Illinois before the adoption in that state of its Constitution in 1870 [art. II, sec. 13], extending protection to the property owner to include damages where no taking was accomplished, and is not in point in a case where a right to compensation for damages is guaranteed.

Further notice of decisions from other states would not be especially helpful. In states whose Constitutions guarantee compensation for "damages" as well as for "taking", we find a general uniformity of opinion that a substantial impairment of the private right must be compensated for. Where those Constitutions provide for compensation for "taking" only, the damages without a taking are generally held to be not compensable.

We are satisfied that the complaint herein states a cause of action and that the extent of the alleged damages is a question of fact.

The judgment is reversed.

Seawell, J., Preston, J., Langdon, J., Curtis, J., Waste, C. J., and Richards, J., concurred.