[Civ. No. 9165. First Appellate District, Division Two.—June 14, 1934.]

THE PEOPLE, Respondent, v. CLOTILDE J. REED et al., Defendants; GEORGE H. HARLAN, Appellant.

H. C. Symonds for Appellant.

Hugh K. McKevitt, Holloway Jones and George C. Hadley for Respondent.

STURTEVANT, J.—The defendant George H. Harlan has appealed from the amended judgment, from the order

permitting the amendment to the judgment and from an order refusing to dismiss the action.

For some time prior to the commencement of the action the defendant and his wife were the owners of a parcel of land containing twenty acres, which was located on the border of Richardson Bay in Marin County. Through the division of highways of the department of public works the plaintiff planned the construction of a cut-off as a part of the Redwood highway. The cut-off was laid out on a line extending north and south and passing over the western end of the lands so owned by the defendant. When the action was commenced the defendant's land was surrounded by other tracts owned by certain private individuals. It was marsh-land and was in part covered by water two and one-half feet deep at low tide. The plan for constructing the highway over the land of the defendant and for a distance north of his lands and for a distance to the south of his lands consisted of a causeway resting on wooden piles at an elevation of 28 feet above high tide. The plaintiff's complaint is in the ordinary form and recites the adoption by the California highway commission of a resolution to the effect that two hundredths (2/100) of an acre, describing it by metes and bounds, be taken from the defendant. After the defendant was served he appeared and filed a demurrer. At the same time he prepared a deed containing a reservation as follows:

"Reserving unto the parties of the first part the right of ingress to and egress from any highway, bridge or embankment constructed over or across the same at grade, for the purpose of obtaining ingress to and egress from Tide Land Block 311 for all purposes, and to erect such ramps or fills as the parties of the first part, their successors or assigns, may be advised, in order to make proper connections at grade with the aforesaid state highway for the purpose of obtaining such ingress to and egress from the said Tide Land Block 311 from said state highway." He also prepared a notice of motion to dismiss. Thereafter the motion was heard and denied.

The action was tried by the trial court sitting with a jury. In its findings the court adopted the verdicts of the jury and made additional findings. Among others it made a finding as follows:

"The court finds that the allegations contained and the issues raised in the answer and supplemental answer of defendant George H. Harlan with respect to said defendant's proposed methods of ingress to and egress from his said land to and/or under the causeway upon which the plaintiff has constructed a state highway and/or to any of the property heretofore acquired by the plaintiff for highway purposes are physically possible, but that said methods of ingress and egress as proposed therein by said defendant would hinder the public in its use of the said causeway and/or land heretofore acquired by plaintiff for state highway purposes, as aforesaid, and injure the said causeway upon which said state highway is situated; that any connection made by said defendant to provide means for ingress to and egress from his said land to and/or under said causeway and/or to said property of plaintiff heretofore acquired for highway purposes will be incompatible with the greatest public good and benefit.

"That upon the first separate special defense set up in defendant's answer the court finds that the lands of the defendant George H. Harlan were before the commencement of this action, and now are, surrounded upon all sides by lands belonging to others, that on the north the lands of said defendant are bounded by the lands of F. G. Bartnett, on the northeast by the lands of Randolph Petterson, on the southeast by the lands of Union Trust Company and R. L. Coleman, on the southwest by the lands of the State of California, and that said defendant then had and now has no rights for a roadway over the lands of any of said adjoining owners, and that the only means of connecting the lands of said defendant with a public road in the County of Marin is over, across and through the said strip of land proposed to be condemned by plaintiff."

Among the conclusions of law was one as follows: "That said defendant shall not be allowed ingress to and egress from his said land or to make any physical connection whatsoever to or under the causeway upon which plaintiff has erected a state highway and/or to any property heretofore acquired by the plaintiff for state highway purposes."

Thereafter an interlocutory decree was signed and entered January 12, 1932. A final order of condemnation was signed and entered January 22, 1932. No appeal was taken

from the interlocutory decree nor the final decree. Thereafter the plaintiff gave notice and later it made a motion to amend the interlocutory decree and to amend the final order. The motion was granted and to each decree a paragraph was added as follows:

"It is further ordered, adjudged and decreed that said defendant shall not be allowed ingress to and egress from his said land or to make any physical connection whatsoever to or under the causeway upon which plaintiff has erected a State Highway and/or to any property heretofore acquired by the plaintiff for state highway purposes."

As recited above the defendant has appealed from the order allowing the amendments and has appealed from the decree as so amended.

■ The defendant complains because the trial court did not grant his motion to dismiss the action, but we find no error in the ruling. The reservation contained in the deed would have given to the defendant the right to attach to the causeway which the plaintiff was about to construct an intersecting causeway. To do that the defendant had no absolute right. Whether under all of the facts he should be granted that privilege, or a different one, was a question of fact to be determined in another proceeding by the proper tribunal. To present the legal questions involved in motion to dismiss was not the proper procedure. (*Forrester* v. *Lawler*, 14 Cal. App. 170 [111 Pac. 284].)

■ He also attacks the order made by the trial court permitting the plaintiff to amend the interlocutory decree and the final order by causing them to conform to the decision as shown by the findings of fact and conclusions of law. The point has no merit. (*Takekawa* v. *Hole*, 170 Cal. 323, 327, 328 [149 Pac. 593].)

■ The defendant contends that in legal effect the last paragraph of the judgment is an injunction precluding him from ever constructing and putting in place a way of ingress to and egress from the west and that that portion of the judgment was in excess of the power of the trial court. We think that point must be sustained for several different reasons. The parcel of land over which the plaintiff sought to condemn a right of way included two-hundredths (2/100) of an acre. As to that parcel the record is free from error. That parcel was a part of a larger tract containing

twenty (20) acres. The lands so owned by the defendant, but over which the right of way would not run, were not damaged, as we understand the findings, if the new highway did not operate to preclude ingress and egress. The right of ingress to and egress from such land was a property right. (*Strehlow* v. *Mothorn,* 100 Cal. App. 692 [280 Pac. 1201].) Such right could be taken but only in the same manner as the land itself could be taken, that is, in the manner provided in title VII, part III (sec. 1237), of the Code of Civil Procedure. (*Los Angeles* v. *Los Angeles Pacific Co.,* 31 Cal. App. 100, 118 [159 Pac. 992].) But to do that it was a statutory condition precedent that the California highway commission should have passed a resolution to that effect. (Pol. Code, sec. 363h.) But there is no allegation in the pleadings and there is no finding that it did so.

■ The defendant by his pleadings sought to reserve, and cause to be reserved, the right to have a causeway of his own attached to and joined into the causeway about to be constructed by the plaintiff. This right was by the findings and judgment denied to him because such course was impracticable. To that extent we find no error in the decree for several reasons. If damaged, the defendant was entitled to compensation in money. (Art. I, sec. 14, Const.) He was not entitled as a matter of right to have the plaintiff build a connecting causeway for him. (2 Lewis' Eminent Domain, p. 1343.)

■ The question before the court was not one of connecting the new highway with an existing highway or other road, and the case did not come within the provisions of the Code of Civil Procedure, section 1247. The laying out of a road for defendant to have ingress to and egress from his tract of land, and the location of such road, was not an issue before the court in the action on trial. If and when that step is to be taken the defendant must apply to the board of supervisors and in that body is vested the power to hear and determine whether such road should or should not be laid out as running under, over or upon the said causeway, or whether it should run to the north, south or east (Pol. Code, sec. 2690), and the determination of that question by that board will be conclusive on the plaintiff in the instant case and on the courts. (*County of Siskiyou* v. *Gamlich,* 110 Cal. 94 [42 Pac. 468].) It follows that the court had

no jurisdiction to pass on the question as to where, at some time in the future, the defendant's right of way should be located.

As shown above, on an appeal based on the judgment-roll only, we think it may not be said that the trial court did not have power to make a finding that the defendant should not be granted the privilege of attaching his own causeway to the causeway about to be constructed by the plaintiff. But, we have also shown that the power to hear and determine the question as to when, where and in what manner a right of way should be laid out for the defendant rests with the board of supervisors and not with the courts. It follows that the findings in the instant case on that specific subject were immaterial. (2 Cal. Jur. 1028.) Such findings were not controlling on the trial court nor on a court of review. It follows that the last paragraph of the amended interlocutory decree in eminent domain and in the amended final order of condemnation should be modified to read as follows:

"It is further ordered, adjudged, and decreed that said defendant shall not be allowed to make any physical connection whatsoever with the causeway upon which plaintiff has erected a state highway." As so modified the decree and order appealed from are affirmed. The defendant will recover his costs on this appeal.

Nourse, P. J., and Spence, J., concurred.