[Civ. No. 8471.   Fourth Dist., Div. One.   July 10, 1967.]

ROLLIN M. SMITH et al., Plaintiffs and Appellants, v. THE COUNTY OF SAN DIEGO, Defendant and Respondent.

Stanton & Case, John Stanton and Lynn E. Higgins for Plaintiffs and Appellants.

Bertram McLees, Jr., County Counsel, and David B. Walker, Deputy County Counsel, for Defendant and Respondent.

WHELAN, J.—Plaintiffs appeal from a judgment entered after the sustaining of a demurrer to their second amended complaint without leave to amend.

The second amended complaint (referred to herein as complaint) is entitled "For Injury to Real Property" "(Inverse Condemnation)." It alleged the following: Plaintiffs acquired a parcel of land (referred to herein as parcel 2) in 1962, a part of which was subject to an easement granted to the State of California on May 12, 1941, for highway purposes. (The property purchased was said to be described in exhibit A, and the property subject to the easement [referred to herein as parcel 1] was said to be described in exhibit B, both exhibits said to be attached, but in fact not attached, to the second amended complaint.) On August 8, 1962, County of San Diego (defendant) brought an action to condemn an easement for the construction of a flood control channel within parcel 1; the state was made a defendant in the condemnation action; plaintiffs were not named and did not become parties to that action; thereafter the state relinquished to the City of Vista all its right, title and interest in parcel 1 "on or after the 2nd of May, 1963, by means of relinquishments, deeds, assignments, or orders or judgments made in Eminent Domain action No. 271416 of the above-entitled court, the nature and contents of which are unknown to plaintiffs, the CITY OF VISTA, a Body Politic, assigned, relinquished, sold, conveyed, or otherwise transferred to the defendant, COUNTY OF SAN DIEGO and to defendants, DOE IV and DOE V, certain interests in and to the real property described in Exhibit 'B', attached hereto, the nature and extent of which interests are unknown to plaintiffs" [quoted from complaint]. On November 26, 1963, defendant entered upon parcel 1 and commenced construction of a flood control channel, subsequently completed, which is a concrete-lined ditch, 8 to 10 feet in depth, 20 to 29 feet wide, and which extends along the entire 301-foot length of parcel 1; prior to the construction of the flood control channel, parcel 2 was worth $134,300; after the construction, and as a result thereof, the property, other than parcel 1, was worth only $77,500, for which amount it was sold (inferentially on August 26, 1964); prior to the construction, plaintiffs had a right of access to Sante Fe Avenue from their property which abutted on Santa Fe Avenue for the length of their property, 301 feet; defendant has built a bridge 18 feet wide across the channel, near the northwest corner of plaintiffs' property, which is now plaintiffs' only means of access to Santa Fe Avenue; the damage has resulted from the destruction of plaintiffs' right of access to that highway.

RULING ON THE DEMURRER

The complaint refers to an exhibit A as containing a description of parcel 2, to exhibit B as containing a description of parcel 1, to exhibit C as a copy of the grant of the highway easement, and to exhibit D as a copy of the official transfer or relinquishment to the City of Vista of the state's interest in parcel 1. None of those exhibits is attached to the pleading. A, B and C are attached to the original complaint, D to the first amended complaint. It was not attempted to incorporate the exhibits attached to the superseded pleadings by reference to such superseded pleadings.

One of the grounds of demurrer was uncertainty as to the description of plaintiffs' larger parcel. ▮ Because the description was not made a part of the complaint, it would have been proper to sustain the demurrer on that ground if on no other (see *Turney* v. *Collins*, 48 Cal.App.2d 381, 388 [119 P.2d 954]; *Ralphs* v. *Hensler*, 114 Cal. 196 [45 P. 1062], 97 Cal. 296 [32 P. 243]);[1] that, alone, should not have deprived plaintiffs of leave to amend.

For reasons stated hereafter, we are of opinion that leave to amend should have been granted.

PLAINTIFFS DID NOT SEEK DAMAGES FOR THE TAKING
OF THE PROPERTY ON WHICH THE CHANNEL WAS BUILT.

▮ Plaintiffs speak of a taking of their property. If there had been a taking, it would have been the result, in the condemnation proceeding, of burdening parcel 1 with an additional easement for a drainage ditch; or of the entry upon parcel 1 for the purpose of construction. (*People* v. *Joerger*, 12 Cal.App.2d 665, 668-669 [55 P.2d 1269].)

The value of the land before the second taking is, of course, its value as subject to the first easement. ▮ When there is an easement on the surface of condemned land, in the absence of proof of some special value attaching to it, the underlying fee is to be considered as only of nominal value. (*People* ex rel. *Dept. of Public Works* v. *Schultz Co.*, 123 Cal.App.2d 925, 937 [268 P.2d 117]; *City of Los Angeles* v. *Fiske*, 117 Cal. App.2d 167, 173 [255 P.2d 445].) See also *Pacific Gas & Elec. Co.* v. *Hufford*, 49 Cal.2d 545, 553 [319 P.2d 1033]; *Romero* v. *Department of Public Works*, 17 Cal.2d 189, 195 [109 P.2d 662].

The complaint does not allege the value of the strip in

[1]*Flores* v. *Arroyo*, 56 Cal.2d 492, 497 [15 Cal.Rptr. 87, 364 P.2d 263], overrules *Ralphs* v. *Hensler*, 97 Cal. 296 [32 P. 243], on a different point.

which the channel was constructed either before or after the alleged taking; no compensation is sought for the value of the easement that could be the only property taken; the claim actually made is for damage to the remaining parcel.

### Plaintiffs Were Proper Parties Plaintiff.

Defendant argues that because plaintiffs sold all their property except parcel 1, they could have no cause of action.

■ Where, in the construction of a public improvement upon the parcel condemned, damage is done to the condemnee's remaining property as the result of the carrying out of the design for the construction, the public entity must compensate the condemnee for such damage. (*Los Angeles County Flood Control Dist.* v. *Southern Cal. Bldg. & Loan Assn.,* 188 Cal.App.2d 850, 852-853 [10 Cal.Rptr. 811].)

■ The right to an award in a condemnation action may depend upon who has legal title at the time of the decree.

■ In the case at bench, the right of action, if any, matured when the alleged permanent injury was done. (*Williams* v. *Southern Pac. R. R. Co.,* 150 Cal. 624, 626 [89 P. 599].)

■ Plaintiffs' matured cause of action, if any, was not affected by a subsequent sale of a part of the property. (*Langenberg* v. *City of St. Louis,* 355 Mo. 634 [197 S.W.2d 621]; *Fidelity-Philadelphia Trust Co.* v. *Kraus,* 325 Pa. 581 [190 A. 874, 110 A.L.R. 538].)

### Plaintiffs' Right of Access

Plaintiffs alleged that their property at all times abutted South Santa Fe Avenue. The property they refer to is parcel 2. That would seem to mean that parcel 1 did not become a part of South Santa Fe. Yet if parcel 1 was not a part of South Santa Fe, parcel 2 did not abut the street but abutted an unimproved strip, parcel 1, that was subject to an easement for highway purposes. In its unimproved state, it might no doubt have been crossed over from parcel 2 in order to reach the roadway of South Santa Fe; but such freedom of crossing the easement was always subject to being interfered with by action of the public authorities in making such use of it as might lawfully be made under the grant of the highway easement.

That grant had been made by plaintiffs' grantor; and if the effect of the development of the easement should be such as to make it physically impossible to travel by surface to South Santa Fe from parcel 2, such interference would be the result

of a burden placed upon a part of plaintiffs' land which they accepted when they made their purchase.

As to any such reasonable use of the easement for the purpose for which it was granted, the taking would have been by purchase from plaintiffs' grantor.

For all uses to which an easement for highway purposes reasonably may be made, the owner was entitled to and presumably received full compensation at the time of purchase. (*Colegrove Water Co.* v. *City of Hollywood,* 151 Cal. 425 [90 P. 1053, 13 L.R.A. N.S. 904].) The proper construction, improvement and maintenance of the highway itself may require embankments, cuts, bridges, culverts and ditches. (27 Am.Jur.2d § 325, p. 148; *Churchill* v. *Beethe,* 48 Neb. 87 [66 N.W. 992, 58 Am. St. Rep. 684, 32 L.R.A. 229]; *Brewer* v. *Commonwealth,* 345 Pa. 144 [27 A.2d 53, 54].)

Other uses are proper and to be anticipated, as for sewer lines (*Southern Cal. Gas Co.* v. *City of Los Angeles,* 50 Cal.2d 713, 721 [329 P.2d 289]), installation of electric power poles and lines for lighting the highway (*Gurnsey* v. *Northern Cal. etc. Co.,* 7 Cal.App. 534 [94 P. 858]); construction of railway tracks (*Montgomery* v. *Santa Ana etc Ry. Co.,* 104 Cal. 186 [37 P. 786, 43, Am.St.Rep. 89, 25 L.R.A. 654]); construction of a pedestrian subway (*McCandless* v. *City of Los Angeles,* 214 Cal. 67, 72 [4 P.2d 139]). Any use which was rendered necessary for the public by future development or discovery would also have been contemplated and would impose no new burden. (*Montgomery* v. *Santa Ana etc. Ry. Co., supra,* 104 Cal. 186.)

Notwithstanding that the use is one properly and reasonably within the purview of the grant of easement, the property owner may nevertheless be damaged by reason of such a proper public use to which the street or a portion thereof may be put. When such legitimate public improvement causes special and peculiar damages to the abutting property owner the owner is entitled to compensation for such damage. (*McCandless* v. *City of Los Angeles, supra,* 214 Cal. 67, 72; *Zobelein Co.* v. *City of Los Angeles,* 6 Cal.App.2d 29 [43 P.2d 818].)

Substantial impairment of the abutting landowner's right of direct access to the adjoining highway may constitute such special and peculiar damage. (*Breidert* v. *Southern Pac. Co.,* 61 Cal.2d 659, 663-664 [39 Cal.Rptr. 903, 394 P.2d 719]; *People* v. *Ricciardi,* 23 Cal.2d 390 [144 P.2d 799.)

The fact that property abutting on a street is zoned

for business purposes and is located in a busy commercial area enters into a determination whether impairment of the right of access is material. (*McCandless* v. *City of Los Angeles, supra,* 214 Cal. 67; *Zobelein* v. *City of Los Angeles, supra,* 6 Cal.App.2d 29; *People* v. *Loop,* 127 Cal.App.2d 786 [274 P.2d 885].)

In general, however, landowners are not entitled to access at all points along their boundary. If they have free and convenient access and it is not substantially interfered with, there is no cause for complaint (*Genazzi* v. *County of Marin,* 88 Cal.App. 545 [263 P. 825]), even though the action of the public body may impede the convenience with which ingress and egress may thereafter be accomplished, and may necessitate circuity of travel to reach a given destination. (*People* v. *Ayon,* 54 Cal.2d 217, 223-224 [5 Cal.Rptr. 151, 352 P.2d 519].)

It is obvious that in some circumstances the convenience of access by vehicular traffic and in others, by pedestrian traffic, will be important in determining whether "special and peculiar damages" have been caused.

In any circumstances such improvements as sidewalks and curbs would have to be accepted without compensation although access for entry of vehicles might thereby be reduced within narrow limits of the frontage of abutting property.

Construction of normal drainage facilities for the protection of the surface of the highway and the comfort and convenience of those using it would not be compensable if some means of direct access across the ditch is provided. The owner is not entitled to access at all points along his boundary. (*Genazzi* v. *County of Marin, supra,* 88 Cal.App. 545.)

Section 964, Streets and Highways Code authorizes a county to condemn a right-of-way for and to construct flumes, ditches or canals for the purpose of carrying off storm waters or floods that may damage a county highway.

It is reasonable, too, that an existing easement for the highway might, if it were of sufficient width, be used for such purpose. (See *People* v. *Thompson,* 43 Cal.2d 13, 17 [271 P.2d 507], where there is mention of "A 'highway easement' for drainage of a creek.")

That a ditch of the depth and width of that described in the complaint in the instant case could be considered as furnishing only normal drainage facilities for a street is questionable, unless, as stated in defendant's brief, it was the channel-

ing within its normal and natural stream of an existing tributary of a watercourse known as Buena Vista Creek.

If the diversion of the course of a natural stream should be wholly unnecessary for the protection of a highway and was undertaken for another purpose, a question might well arise whether construction of a channel for such alien purpose was within the intendment of the grant of an easement for a highway. That question would not be answered by saying that the possible interference with access from the presence of a ditch for such purpose would not be greater than from a drainage ditch for protection of the highway. The question would be answered by determining whether the imposition of a second easement diminished the value of the reversionary interest in the underlying fee, and caused damage to the remaining parcel.

If it be assumed in the instant case that parcel 1 has been put to a use not comprehended within the easement for highway, it would not follow that the easement for highway was thereby wiped out so as to free the underlying fee from such easement. (*City of Los Angeles* v. *Fiske, supra,* 117 Cal.App. 2d 167, 173.)

### Contentions Of Defendant

1. Section 117, Streets and Highways Code.[2]

It is stated by defendant that the complaint fails to state a cause of action because there is no allegation that the county did not acquire the right to construct the ditch pursuant to an encroachment permit prior to the relinquishment by the State.

Whatever may be the limitations of section 117, and assuming that the existence of a franchise thereunder might be a matter of which the court could take judicial notice, it is not asserted positively by defendant that there was such a franchise. It was not plaintiffs' obligation to negative every possible source of authority for the construction of the ditch.

2. Lawful use of highway contemplated by grant of easement.

Here, defendant refers to the complaint in the condemna-

---

[2]Section 117, Streets and Highways Code provides: ''Unless otherwise specifically provided in the instrument conveying title, the acquisition by the department after August 21, 1933, of any right of way over any real property for state highway purposes, includes the right of the department to issue, under the provisions of Chapter 3 of this division, permits for the location in such right of way of any structures or fixtures necessary to telegraph, telephone or electric power lines, or of any ditches, pipes, drains, sewers, or underground structures.''

tion action, of which a copy is appended to the brief on appeal, to show that the property sought to be condemned was in fact the channel of the tributary of Buena Vista Creek. It is obvious that if there were a natural waterway within parcel 1 which separated the roadway from the remainder of plaintiffs' property, not only would the channeling of the watercourse be a proper measure for protection of the roadway and within the intendment of the easement, but also there must already have been a ditch of some dimensions along the length of parcel 1 and within that parcel.

However, if we were permitted to take judicial notice of the contents of the complaint in the condemnation action, the allegations of that complaint need not be taken as true in ruling on a demurrer in the present action. ▇▇▇ Nor may the location and course of the unnamed tributary of Buena Vista Creek be judicially noticed.

▇▇▇ Unfortunately, therefore, for defendant's factual claims, which we do not doubt may be true, we are left with these assumed facts:

A deep, wide ditch has been dug and maintained between plaintiffs' property and a city street to which, for a length of 301 feet, plaintiffs had access over a highway easement that may or may not have been improved, and may or may not have been a part of the city street; the ditch is within that easement and cuts off the access to the street that was available before the ditch was dug; the only access now possible is by means of an 18-foot bridge near one corner of plaintiffs' property. It is not apparent on the face of the complaint that the ditch was other than a flood control channel, unrelated to the protection of the highway; the easement for the ditch had been the subject of a condemnation action brought when the highway was a state highway, and protection of the highway would have been a matter of state concern.[3] Plaintiffs' property has diminished in value as a result; just how much damage parcel 2 allegedly suffered cannot be determined from the complaint, unless it be assumed that the reversionary interest in parcel 1 prior to the construction was without value; nor can the value of the additional easement imposed on parcel 1 be determined.

What, if any, use was made of parcel 2 is not alleged; nor is it shown why the existing bridge does not afford adequate

---

[3]The fact of the bringing of the condemnation action against the state is mentioned only in connection with the pleading problem. In fact, construction of the channel might well be related to proper highway purposes.

means of access to the street. It may be, also, that the condemnation action brought by the county is still pending.

It is impossible to say, therefore, that should plaintiffs make a full and true statement of what they believe to be the ultimate facts entitling them to relief, they could not state a cause of action for damages caused by an increased burden on the underlying fee of parcel 1; or for damages to parcel 2. In speaking of a full and true statement of facts, we point out certain inconsistencies between the second amended complaint and earlier pleadings of plaintiffs.

The second amended complaint, as we have quoted, professed ignorance as to whether, as between the City of Vista and the defendant, the defendant acquired an interest in the property on which the channel was constructed as the result of condemnation; the first amended complaint contains the following language:

"On or after May 2, 1963, defendant, City of Vista, conveyed to defendants, Doe IV and Doe V, certain interests in and to the real property described in Exhibit 'B' herein, the nature and extent of which interests are unknown to plaintiffs; and on or after May 2, 1963, defendants, City of Vista, Doe IV and Doe V, encouraged, permitted, or suffered the defendant, County of San Diego, to enter upon said real property for the purpose of constructing the said flood control channel. . . ."

Language in the second amended complaint and the first amended complaint about plaintiffs' inability to discover what are matters of public record is, to say the least, disingenuous.

The judgment is reversed with directions to the trial court to grant plaintiffs a reasonable time within which to amend.

Brown (Gerald), P. J., and Coughlin, J., concurred.